IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-18-193-SLP |
| | ) |
| DONTIA ROSHAWN SWEET, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court are two pro se documents filed by Defendant Dontia Roshawn Sweet. First, Defendant filed a Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(l)(A) [Doc. No. 38], and the Government filed a Response in Opposition [Doc. No. 43]. Second, Defendant filed a Motion for Leave of the Court to Amend Prior Pleadings [Doc. No. 49].

**I.   Background**

On September 6, 2018, Defendant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Docs. No. 19–21]. The Final Presentence Report ("PSR") calculated an offense level of 31, which included an enhancement based on Defendant's status as an armed career criminal, pursuant to 18 U.S.C. § 924(e).[1]  [Doc. No. 27] ¶¶ 21, 24, 77.  This offense level of 31, coupled with

---

[1] When a defendant violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). In Defendant's case, the PSR cited three state-court convictions for "possession of CDS with intent to distribute, or distribution of a CDS" to support the § 924(e)(1) enhancement. [Doc. No. 27] ¶ 21 (citing Okla. Cnty. Cases CF-2004-6597; CF-2005-2776; and CF-2008-3906).

Defendant's criminal history category of VI, resulted in a guideline imprisonment range of 188 to 235 months. *Id.* ¶ 77.

On March 13, 2019, the Court adopted the PSR without change and sentenced Defendant to 188 months' imprisonment. [Docs. No. 32–34]. Defendant did not appeal his sentence, nor has he filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

On October 20, 2023, Defendant filed the instant Motion asking the Court to reduce his term of imprisonment to 120 months, pursuant 18 U.S.C. § 3582(c)(1)(A)(i). The core of Defendant's argument is that his sentence was improperly enhanced under § 924(e). Relying on *United States v. Cantu*, 964 F.3d 924, 934 (10th Cir. 2020), Defendant claims that he "would no longer qualify as an armed career criminal" because his state-court convictions would no longer qualify as serious drug offenses under § 924(e).[2] [Doc. No. 38] at 1. He also contends that his "188-month sentence is 68-months greater than the statutory maximum sentence [he] would face" following *Cantu*. *Id.* at 5. In response, the Government argues that because Defendant's Motion is "in substance, an attack on the validity of his sentence," it must "be construed as seeking post-conviction relief under 28 U.S.C. § 2255." [Doc. No. 43] at 1.

## II.     **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may seek an order to "to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or

---

[2] At this juncture, the Court expresses no opinion as to the merits of Defendant's argument.

laws of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) "may not be based on claims specifically governed by 28 U.S.C. § 2255." *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2649 (2024). "[R]egardless of how a movant characterizes a post-judgment motion, it must be treated as a § 2255 motion if it 'asserts or reasserts a federal basis for relief' from the movant's conviction or sentence." *United States v. Sears*, 836 F. App'x 697, 699 (10th Cir. 2020) (quoting *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam)).

### III.   Analysis

The Court agrees with the Government that Defendant's Motion implicates the validity of his sentence. Thus, it must be analyzed as a collateral attack pursuant to 28 U.S.C. § 2255, and not a request for compassionate release pursuant to 18 U.S.C. § 3582(c). *See Wesley*, 60 F.4th at 1288 ("When a federal prisoner asserts a claim that, if true, would mean that the sentence was . . . in excess of the maximum authorized by law, . . . the prisoner is bringing a claim governed by § 2255. He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement.") (quotation and citation omitted); *see also Sears*, 836 F. App'x at 699 (affirming district court's conclusion that motion for sentence reduction, which "attack[ed] the validity of [defendant's] sentence based upon post-sentencing case law," was properly construed as § 2255 motion).

The purpose of this Order, therefore, is to notify Defendant that the Court intends to recharacterize his Motion as one seeking relief under § 2255. *See Castro v. United*

*States*, 540 U.S. 375, 383 (2003); *see also United States v. Spry*, 260 F. App'x 52, 54 (10th Cir. 2008) (noting "district court erred in failing to provide [defendant] with notice about its intent to recharacterize" post-judgment motion even though § 2255 motion was time barred).[3] The Court cautions Defendant that if the Court decides his Motion under § 2255, he will not be able to file a second such motion without satisfying the requirements of § 2255(h). Because of these potential consequences, the Court will provide Defendant "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."[4] *Castro*, 540 U.S. at 376.

IT IS THEREFORE ORDERED that, within 30 days of the date of this Order, Defendant may file either (1) an amended § 2255 motion by completing the official form,[5] or (2) a notice withdrawing his pending Motion. If Defendant fails to timely file either an

---

[3] The Court notes, as the Government pointed out in its Response [Doc. No. 43], that § 2255 motions are subject to a one-year period of limitations, which runs from the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[4] Defendant filed a Motion for Leave of the Court to Amend Prior Pleadings [Doc. No. 49] on December 9, 2024, before the Court notified him of its intent to characterize his request for compassionate release as a § 2255 motion. Because Defendant did not have the benefit of this Order at the time he sought leave to amend, and because the Court expressly grants him leave to amend his first Motion consistent with the terms of this Order, Defendant's request to amend is DENIED as moot.

[5] The Clerk of Court is directed to mail Defendant a copy of the relevant form contemporaneous with this Order.

amended motion or a request to withdraw his Motion, the Court will characterize the pending motion [Doc. No. 38] as a § 2255 motion and issue a ruling.

IT IS FURTHER ORDERED that Defendant's Motion for Leave of the Court to Amend Prior Pleadings [Doc. No. 49] is DENIED as moot.

IT IS SO ORDERED this 12th day of December, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE